UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

UNITED STATES OF AMERICA,　　　　　　　　**INDICTMENT NO.**
　　　　　　　　　　　　　　　　　　　　　　S4 07 CR 387 (CLB)
　　　-against-

ANGEL DIAZ,
　　　　　　　　　　Defendant.

-----------------------------------------------------------------x

# MEMORANDUM OF LAW

　　　　　　　　　　　　　　　　　　　Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　George E. Fufidio, Jr., Esq.
　　　　　　　　　　　　　　　　　　　MANCUSO, RUBIN & FUFIDIO
　　　　　　　　　　　　　　　　　　　Attorneys for defendant, Angel Diaz
　　　　　　　　　　　　　　　　　　　One North Broadway
　　　　　　　　　　　　　　　　　　　Suite 1502
　　　　　　　　　　　　　　　　　　　White Plains, New York 10601
　　　　　　　　　　　　　　　　　　　(914) 761-9200

I. **MOTION FOR BILL OF PARTICULARS**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the Government to file a bill of particulars. A bill of particulars should be provided where necessary to inform a defendant of the charge against him with sufficient precision to enable him to prepare for his defense, and to avoid or minimize the danger of surprise at trial. (Wong Tai v. United States, 273 U.S. 77 (1927), United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987). Where, as here, the elementary specifics are absent from an indictment, a Bill of Particulars, is used to obtain "the evidentiary details needed to establish a defense" (United States v. Carrier, 672 F.2d 300 (2d Cir. 1982). See also, United States v. Ramirez, 602 F.Supp. 783 (SDNY 1985)). The defense requests are simple and straightforward and are necessary for the defense to prepare for trial to meet these charges.

II. **MOTION FOR DISCLOSURE**

Pursuant to F.R.C.P. 16(a)(1)(E), upon a defendant's request, the government must disclose and permit inspection and the copying of any of those items the Government intends to use in its case-in-chief at trial. Additionally, other items of discovery should be provided depending on the given case. In this case, it is anticipated that the Government may be calling witnesses who have prior criminal records, or who have been involved in criminality and who have agreed to cooperate with the Government in this case and in other investigations.

The defense requests that the Court direct the Government to provide copies of any evidentiary exhibits it intends to offer at trial, before trial, so that such items can be

reviewed by the defense. Also, any evidence bearing on the credibility of any potential government witness at trial should be disclosed to the defense, (<u>United States v. Strifler</u>, 851 F.2d 1997 (9th Cir. 1988); <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985); <u>Giglio v. United States</u>, 92 S.Ct. 763 (1972)) including but not limited to their criminal records, probation files, arrest records, any information concerning any pending criminal investigation, any written or oral promises of consideration or benefits given any witness. The examination for and production of any law enforcement file or report which contains impeachment material of any potential witness should be directed by this Court (<u>see</u>, <u>United States v. Henthorn</u>, 931 F.2d (9th Cir. 1991)).

Finally, the admission of a co-defendant's post-conspiracy confession or statement implicating the defendant, Angel Diaz, would constitute reversible error where that co-defendant did not testify (<u>Bruton v. United States</u>, 391 U.S. 123 (1968)). The defendant's Sixth Amendment right to confrontation would be violated in such instance, and a limiting instruction or court redaction may not be sufficient to protect the defendant's right to a fair trial (see <u>United States v. Wingate</u>, 520 F.2d 309 (2d Cir. 1975); <u>United States v. Parks</u>, 285 F.3d 1133 (9th Cir. 2002); <u>United States v. Cleveland</u>, 590 F.2d 24 (1st Cir. 1978)). Without disclosure of any such statements, the defense will not be in a position to raise any appropriate <u>Bruton</u> issues for the Court to resolve prior to trial.

3

III. **MOTION FOR SEVERANCE**

Rule 14 of the Federal Rules of Criminal Procedure provides:

"(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials, or provide any other relief that justice requires."

Severance may be required where the evidence is so complex or confusing that a jury would be unable to make individual determinations about guilt for each of the defendants, or if the jurors cannot determine the guilt of each individual defendant solely on the basis of the evidence presented about each defendant. (United States v. Bright, 630 F.2d 804 (5th Cir. 1980); United States v. Crawford, 581 F.2d 489 (5th Cir. 1978)). Severance should be granted if there is a serious risk that a joint trial would compromise a specific trial right of the defendant or prevent a jury from making a reliable judgment about guilt or innocence. (Zafiro v. United States, 506 U.S. 534 (1993); United States v. Walker, 142 F.3d 103 (2d Cir. 1998)).

In the case at bar, a joint trial of Angel Diaz with his co-defendants will certainly prevent him from receiving a fair trial. The Government will be presenting significantly more evidence against the other defendants since they have charged them with crimes which Angel Diaz has not been charged, including two additional kidnappings and robberies. As Justice Jackson described in Krulewitch v. United States, 336 U.S. 440 (1949) in his concurring opinion:

"A co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual

4

to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather flock together."

Angel Diaz is placed in an even more precarious position, a jury hearing the evidence in this case will be presented evidence of violent crimes allegedly perpetrated by others in which Diaz had no involvement. The spillover effect from this evidence will surely make it impossible to guarantee that he will receive a fair trial. No instruction or admonishment from the Court will be able to remedy the prejudicial taint this evidence will leave on Diaz. The only possible remedy to ensure that Angel Diaz receives a fair trial is for the Court to grant a severance of the counts relating to the alleged conduct perpetrated by Diaz from those charging the others, or grant Diaz a separate trial.

## IV. MOTION FOR EXCULPATORY EVIDENCE

There is an affirmative duty upon the prosecution to produce evidence that is favorable to the accused, either as direct or impeaching evidence, and the suppression of such evidence is a violation of due process (Brady v. Maryland, 373 U.S. 83 (1963)). Disclosure is required even without a request by the defendant, if it includes impeachment evidence, and evidence in the files of the police even if not known to the prosecutor. (United States v. Agurs, 427 U.S. 97 (1976); United States v. Bagley, 473 U.S. 667 (1985); Strickler v. Greene, 527 U.S. 263 (1999)). If it is debatable whether material constitutes Brady material, the material should be submitted to the court for in camera inspection. (United States v. Jordan, 316 F.3d 1215 (11th Cir. 2003)).

The Government in correspondence in this case has recognized its obligations under Brady. It is believed that law enforcement agents have conducted many field

interviews of various individuals concerning the investigation which has resulted in the instant indictment. The Government may choose not to call all of these individuals as witnesses in this case. Therefore, the interview notes and reports concerning these individuals will not be disclosed to the defense. These items may contain information which will be beneficial to the defendants and their defense. The Government should be directed to review these items and disclose those which fall within the parameters of <u>Brady</u> and its progeny. If the Government has some question whether these items should be disclosed, they should seek the Court's guidance.

## V. **DISCLOSURE OF WITNESS STATEMENTS**

Rule 26.2 of the Federal Rules of Criminal Procedure provides that after a witness has testified on direct examination, the Court, upon motion by a party who did not call the witness, must order production of any statement of the witness that is in the calling party's possession and that relates to the subject matter of the witness's testimony.

The Court has broad discretion in the timing of this disclosure based on the need for judicial economy, and the goals of smooth, efficient court proceedings. The defense respectfully requests that the Government be directed to disclose witness statements at least thirty (30) days prior to jury selection. This will allow defense counsel to have adequate preparation time in reviewing those statements so that witness examinations can proceed efficiently.

## VI.  DISCLOSURE OF F.R.E. 404(b) EVIDENCE

The defense requests that the Court direct the Government to make disclosure of any such evidence they anticipate offering at trial at least thirty (30) days prior to jury selection.

As contemplated by Rule 404(b) of the Federal Rules of Evidence, the prosecution in a criminal case shall provide reasonable notice in advance of trial when they intend to offer such evidence.  This procedure allows the defendant the opportunity to be heard concerning any objection to the introduction of such evidence.  This early disclosure will permit the Court to hear arguments prior to trial, concerning the admissibility of this evidence, and to perform the analysis required under F.R.E. 403 and 404(b) and the underlying case law.

The defense respectfully reserves the right to bring further motions in this regard should the government disclose their intentions concerning an offer of F.R.E. 404(b) evidence.

## VII.  SUPPRESSION OF IDENTIFICATIONS

The Government has disclosed that two individuals have identified Angel Diaz from a photographic array arranged by law enforcement.  A copy of the array has been provided to the defense.  The array consists of six black and white photographs of Hispanic males.  All the individuals presented in the array have short hair and facial hair.  The defense has not been provided with any specific information concerning how the identification procedures were conducted by the law enforcement agents.

Where the police arrange identification procedures, the "totality of the circumstances" must be examined in order to determine whether those procedures were "unnecessarily suggestive" and conducive to mistaken identification. (Stovall v. Denno, 388 U.S. 293 (1967)).  Likewise, photographic identifications must not be so "impermissively suggestive" as to give rise to a very substantial likelihood that there will be "irreparable misidentification".  (Simmons v. United States, 390 U.S. 377 (1968)).  An identification procedure that is unnecessarily suggestive and creates a substantial risk of misidentification is violative of due process principles. (Manson v. Brathwaite, 432 U.S. 98 (1977)).

Therefore, the Court should grant a hearing to determine whether the circumstances under which these identifications were obtained were unduly suggestive.

**VIII and IX.  ADDITIONAL MOTIONS**

The defendant herein respectfully requests that he be allowed to reserve his right to file any additional motions, which may become necessary and applicable, as a result of further proceedings or additional information obtained by the defendant.  Under F.R.C.P. 12(c) and 47(c), the Court is authorized to grant leave to file motions for good cause shown.  It is respectfully submitted therefore, that defense counsel should be permitted to reserve its right to file such motions.

Angel Diaz, through his counsel, also respectfully requests that the Court permit him leave to join or adopt any and all relevant motions brought by his co-defendants. This will allow for judicial economy in deciding these pretrial motions because the Court

will not be burdened deciding similar issues raised separately in the various defendants' pretrial motion filings.

**WHEREFORE**, it is respectfully requested that the Court grant the relief sought in the annexed Notice of Motion.

Dated: January 29, 2008
      White Plains, New York

                                      _____
                                      George E. Fufidio, Jr., Esq.
                                      MANCUSO, RUBIN & FUFIDIO
                                      Attorneys for defendant, Angel Diaz
                                      One North Broadway
                                      Suite 1502
                                      White Plains, New York 10601
                                      (914) 761-9200