# MANCUSO, RUBIN & FUFIDIO
### ATTORNEYS AT LAW

ROBERT J. MANCUSO *                                                    ONE NORTH BROADWAY
ANDREW A. RUBIN                                                              SUITE 1502
GEORGE E. FUFIDIO, JR. **                                    WHITE PLAINS, NEW YORK 10601

*ADMITTED IN CT                                                     TELEPHONE (914) 761-9200
**ADMITTED IN FL                                                    FACSIMILE (914) 686-3478

May 2, 2008

The Honorable Colleen McMahon
United States District Court Judge
United States District Courthouse
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

      Re:    <u>USA v. Plutarco Angulo-Aguirre, et al.</u>
              S4 07 Cr 387 (CLB)

Dear Judge McMahon:

The defendant, Angel Diaz, is submitting this response to the Government's correspondence dated April 15, 2008 wherein several requests have been made for the use at trial of prior charged and uncharged criminal conduct of the defendant. For the reasons set forth herein, the defense would request that the Government be precluded from such intended use, or that the defendant, Angel Diaz be granted a separate trial.

## A.    <u>THE GOVERNMENT'S INTENDED USE OF "OTHER ACTS" EVIDENCE</u>.

The Government seeks to introduce direct testimony and other evidence showing that, "between, in or about July 2006 and on or about January 3, 2007" and just prior to the conspiracies charged in our Indictment, defendants Angulo-Aguirre, Rafael Rodriguez, Victor Diaz, Jorge Cedeno, variously and along with several of their co-conspirators in the charged conspiracies, participated in actual and attempted truck thefts, truck hijackings and warehouse burglaries not specifically identified in the Indictment. They seek to introduce this uncharged conduct as both direct evidence of the charged conspiracies, and as background evidence under Rule 404(b).[1] The Government argues

---

[1] The Government acknowledges that in order to use this "other acts" evidence under 404(b) they must at a minimum, demonstrate its proper use, its relevance to the crimes for which the defendant is on trial, and that its probative value is not substantially outweighed by any unfair prejudicial effect. On all these counts, the Government fails in its proffer as to defendant, Angel Diaz.

also that such information is <u>Giglio</u> material for the cooperating witnesses in this case.
There have been several other acts outlined by the Government, totaling fifteen alleged
burglaries truck, thefts or hijackings, which they intend to introduce at trial. The
Government has informed me that the defendant, Angel Diaz, is not a participant in any
of these "other acts" outlined in their papers. I have been informed that perhaps the
defendant, Angel Diaz, was involved in some actions in the summer of 2006, but there
has not been any disclosure of definite conduct on his part during this time.

Angel Diaz has been charged with conspiracy to commit kidnapping and armed
robbery along with other crimes, with the other named defendants, solely in connection
with a truck hijacking occurring on September 13, 2006. His co-defendants have been
charged, in addition, with truck hijackings occurring on November 13, 2006 and
November 14, 2006. If the Court were to grant the Government's current application
concerning the "other acts" evidence outlined in their papers, Mr. Diaz would be
prevented from receiving a fair trial in this case. In a joint trial, the Government will be
presenting significantly more evidence against the other defendants, including several
hijackings in which Angel Diaz took no part. The spillover effect from this evidence will
make it impossible to guarantee Angel Diaz a fair trial. No instruction or admonishment
from the Court will be able to remedy the prejudicial taint this evidence will leave on
Angel Diaz, nor will it guarantee that the jurors determine the guilt of Angel Diaz solely
on the basis of the evidence presented against him.

Therefore, the defendant, Angel Diaz, renews his request that the Court grant him
a severance under F.R.C.P. 14. There is a serious risk that a joint trial in this matter will
compromise the defendant's trial rights, and that the jury will be prevented from making
a reliable judgment about his guilt or innocence solely on the basis of the evidence
presented about his involvement in these crimes. (See, <u>Zafiro v. United States</u>, 506 U.S.
534 (1993); <u>United States v. Walker</u>, 142 F.3d 103 (2d Cir. 1998)).

**B.      <u>THE GOVERNMENT'S INTENDED USE OF DEFENDANT ANGEL
        DIAZ'S PRIOR CONVICTIONS</u>.**

The Government seeks to use the defendant, Angel Diaz's prior convictions
during their direct case in order to prove motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident as to his charged crimes in the
Indictment. Angel Diaz has been charged with conspiracy, kidnapping, armed robbery
and weapon possession in connection with a single truck hijacking occurring on
September 13, 2006. The Government specifically seeks to introduce evidence
concerning several prior convictions of Angel Diaz involving robbery, assault and
weapon possession.

Rule 404 (b) clearly forbids the offering of evidence against a defendant which
tends to establish a "propensity" upon the part of the defendant to act in conformity with
a certain character trait. In deciding whether bad act evidence is being offered to prove
"propensity" or for some proper purpose, the Court must evaluate the evidence and

require the Government to affirmatively demonstrate why a particular prior conviction tends to establish motive, intent, opportunity, plan, knowledge, identity or absence of mistake or accident.  The Government should be required to articulate how this evidence is probative, and that the matters are in issue in this case.  After the Court has found a not-for-character purpose for this evidence, then Rule 403 mandates an analysis of its probative value weighed against its potential prejudicial value before allowing admission of such prior bad acts.

The Government argues that Angel Diaz's prior convictions are relevant to rebutting his expected defense of lacking knowledge, intent, opportunity or motive to commit the charged robbery, kidnapping and firearms offenses.  It is clear that he does not intend to argue lack of knowledge, intent, opportunity or motive in connection with his charged conduct.  The Government's anticipated evidence concerning Angel Diaz's alleged involvement in these charged crimes consists of the testimony of cooperating witnesses and telephone records.  Angel Diaz has not been identified by any complainant witness in this case as having been involved in these crimes.  The credibility of the Government's witnesses is the central issue at trial and also, the weight to be accorded any corroborative evidence offered by the Government.

The majority of the prior convictions which the Government seeks to use on its direct case are from 1991 and 1992.  They include weapon possession, theft and assault.  Under Rule 609(b), these prior convictions would be inadmissible, for even cross-examination purposes, because they are more than ten years old, and their probative value does not <u>substantially</u> outweigh their prejudicial effect.  One is hard pressed to find any legitimate purpose for the use of these convictions by the Government other than to establish the defendant's propensity to commit violent crimes which would certainly be improper.

Mr. Diaz's conviction concerning conduct leading to his arrest on November 8, 1991 was vacated on December 23, 1996.  His conviction in 2001 for grand larceny has no relevance to the crime for which he will stand trial in the instant case.  Finally, his conviction after trial for crimes committed in 2006 including assault and weapon possession, are of little or no probative value to his present charges, and can only be offered in the Government's attempt to demonstrate the defendant's alleged criminal propensity or predisposition.

<u>**CONCLUSION**</u>

For all of the aforementioned reasons, this Court should deny the Government's 404(b) application as to Angel Diaz, and if the Court is convinced to allow "other acts" evidence to be admitted as to his co-defendants, then the Court should grant his severance request.

Respectfully submitted,

MANCUSO, RUBIN & FUFIDIO

_____

George E. Fufidio, Jr. (GEF 2441)
Mancuso, Rubin & Fufidio
Attorneys for Defendant, Angel Diaz
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 761-9200

GEF/pmr

cc.:    AUSA Nola Heller
        United States Attorney's Office
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007

        Paul Rinaldo, Esq.
        Grossman & Rinaldo, Esqs.
        108-18 Queens Blvd., 8th Floor, Suite 5
        Forest Hills, New York 11375

        Michael Burke, Esq.
        Burke, Miele & Golden, LLP
        30 Matthews Street, Suite 303A
        Goshen, New York 10924

        Clinton W. Calhoun, Esq.
        Briccetti, Calhoun & Lawrence, LLP
        81 Main Street
        White Plains, New York 10601

        Samuel Braverman, Esq.
        901 Sheridan Avenue
        Bronx, New York 10451