UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2025

---

UNITED STATES OF AMERICA,

07-CR-387-05 (CM)

-v-

ANGEL DIAZ,

Defendant.

---

DECISION AND ORDER DENYING SENTENCE REDUCTION PURSUANT
AMENDMENTS 821 AND 829 OF THE UNITED STATES SENTENCING GUIDELINES

McMahon, J.:

On April 27, 2009, Angel Diaz was sentenced to a term of 444 months' imprisonment,

for his involvement in a kidnapping and robbery conspiracy. Defendant is currently serving his

sentence at Lee Penitentiary— his release date is September 14, 2053.[1]

Defendant has filed a *pro se* motion asking the Court to reduce his sentence, pursuant to

Amendments 821 and 829 of the United States Sentencing Guidelines. The entirety of

defendant's one page, two-paragraph motion reads as follows:

> I would like to file for my "821 Amendment" relief. Upon my sentencing
> I was on federal probation (and state parole. Sentencing date: 4-27-2009. I
> was sentenced to 444 months therefore, I qualify for the relief.
>
> Also, I would like to file for my "829" Amendment" relief. Upon my trial
> sentencing my criminal history from juvenile up to 25 years of age was
> used against me under said act the courts can no longer use the above
> mentioned criminal history. Therefore I ask to be granted said relief from
> the "829 Amendment."

---

[1] The Court ordered that Diaz's 444 months sentence run consecutive to the 154 months to 15-year sentence he
received on December 5, 2009, in New York State Court, for *inter alia* assault and weapons possession. *See* PSR ¶
99 (Westchester County Case #01614-2006; Conditional Release Date: 0/25/19, Maximum Expiration Date:
11/17/21). Accordingly, Diaz had to satisfy a significant state sentence before he could begin serving his even more
significant federal sentence.

Dkt. 335.

Amendment 821

Amendment 821 amended the Guidelines in two respects: (1) Part A amends Guidelines § 4A1.1, by reducing from two points to one point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points; and (2) Part B, amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet specified eligibility criteria. The Sentencing Commission made these amendments retroactive effective November 1, 2023.

The Court asked the Probation Department to prepare a supplemental presentence report examining whether the defendant is eligible for a reduction under Amendment 821. Probation determined that the defendant failed to meet the eligibility criteria for either the Status Points or Zero-Point Offender amendments. *See* Dkt 336. Indeed, defendant did not receive an enhancement for committing the instant offense while under a criminal justice sentence, and he did not have zero criminal history points at the time of sentencing. Accordingly, defendant is ineligible for a reduction under either the status points (Part A) or a zero-point offender (Part B) prong of Amendments 821.

Amendment 829

Amendment 829 to the U.S. Sentencing Guidelines went into effect on November 1, 2024:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of

educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

U.S.S.G. § 5H1.1.

Defendant is ineligible for a sentence reduction on the basis of Amendment 829 because Amendment 829 is not retroactive and thus does not authorize a sentence reduction. *See United States v. Parrot*, No. 21-CR-691, 2025 WL 995398, at *2 (S.D.N.Y. Apr. 3, 2025); *United States v. John*, No. 21-cr-134, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024).

Accordingly, defendant's motion based on Amendments 821 and 829 is denied.

The Clerk of the Court is directed to terminate the motion at Dkt. 335.

This constitutes the decision and order of the Court.

Colleen McMahon, U.S.D.J.

Dated: November 17, 2025
      New York, New York

By ECF and First-Class Mail to:

Angel Diaz #23683-018
United States Penitentiary-Lee
P.O. Box 305
Jonesville, VA 24263